JAMES PERLINAU *v.* HORACE PHELPS.

*Book Account. Contract by a Minor.*

Where the plaintiff allowed his minor son to contract for his labor and receive pay of many different persons, *it was held,* that although in other cases' he controlled the contracts, his conduct must be regarded as good ground of justification to the defendant in hiring and paying the son, and that the plaintiff is bound by the act of his son, in the matter.

So too, where the plaintiff gave the defendant notice to pay the son no more, and afterwards allowed the son to receive a portion of this balance, without objection, it was held to be sufficient to justify the defendant, in supposing that he still intended to have the son receive pay.

In regard to the inference to be deduced from acknowledged facts in a case, this court considers, that in doubtful cases, the construction of the County Court is to be regarded as conclusive.

BOOK ACCOUNT, commenced before a justice of the peace, and came to the County Court by appeal. Judgment to account was rendered, and an auditor appointed, who reported substantially the following facts :

That the plaintiff's account was for labor of a minor son, Thomas Perlinau; that he performed the labor under a contract made between the minor and defendant. That plaintiff had told sundry persons, that there was difficulty between Thomas and his stepmother, and he had told Thomas he must take care of himself. That plaintiff and his son had agreed that he, Thomas, was to have his time for $25 00, when he, Thomas, paid said sum; that plaintiff told several of his neighbors, and others, that he had given Thomas his time, and Thomas worked out that spring and summer prior to July 15, 1851, and received the pay. That some days prior to July 15, 1851, the defendant had some talk with Thomas about hiring him, and on that occasion, Thomas represented to defendant that he had bought his time of his father ; that defendant, before he hired Thomas, made inquiries of plaintiff's neighbors, and they told him that they had heard plaintiff and Thomas say, that Thomas had bought his time, and that they had hired Thomas and paid him; that defendant did not go to plaintiff, as he lived some over two miles from him. That after this, defendant and

Thomas made the trade, the defendant supposing that Thomas had bought his time. That about one week after Thomas commenced work for defendant, the plaintiff brought down Thomas's trunk ; but nothing was said between them, as to whom the wages should be paid. That some time before Thomas left defendant's employ, plaintiff sent word to defendant, by one Howe, not to pay Thomas any more ; at this time, there was only $1 40 due for his work. That soon after the notice, and after Thomas had left the employ of defendant, the plaintiff and Thomas came by, in a wagon, where defendant was, stopped, and Thomas went to defendant, some five or six rods distant from the wagon, but within hearing distance of the plaintiff, and asked defendant for the balance of his pay, and defendant handed him all the change he had, which was fifty cents; that plaintiff knew, after Thomas returned to the wagon, that he had been for pay, but made no objection. Some days after, Thomas called upon defendant and he paid him the balance, ninety cents. It also appeared that said Thomas, after he left defendant, worked for other persons on his own account, and received the pay. The auditor found that the defendant made the payments to Thomas in good faith.

The County Court, September Term, 1852,—Peck, J., presiding, —accepted the report, and rendered judgment thereon for the defendant.

Exceptions by plaintiff.

*L. L. Durant* and *T. P. Redfield* for plaintiff.

1. The defendant did not pay for the son's work in necessaries, neither did he pay by request of plaintiff, nor did plaintiff assent to such payment.

2. It seems that plaintiff forbid defendant paying " any more" before defendant had paid all; the plaintiff is therefore entitled to recover the sum then due, $1 40.

But the defendant claims that plaintiff is precluded from recovering this item by his own action. To take such a view, would be to establish a doctrine pregnant with evil—to say that after a man had sent his agent to do an act, a matter of inference should do away with such act.

The plaintiff insists, that after notice to the defendant, not to pay the minor, nothing short of countermanding such notice by

plaintiff would justify the defendant in paying the balance to the son.   The $1 40 was paid to the son, after express notice from the father, and without any excuse.   *Varney* v. *Young*, 11 Vt. 258.

*M. H. Sessions* for defendant.

The report shows that plaintiff had sold the minor his time, and had allowed him to trade and transact business, long before the hiring in this case, and that this knowledge was carried to defendant before that.   This would justify him in paying to the minor as he did.

The defendant was justified in paying the balance of $1 40, by the facts found and reported by the auditor.

By the Court.   We think the conduct of the plaintiff, in allowing his son to contract for his labor, and receive pay of so many different persons, although in cases he controlled the contracts, must be regarded as good ground of justification to the defendant, in hiring and paying the son, and that plaintiff is bound by the act of his son, in the matter.

In regard to the balance due, at the time he gave notice to defendant to pay the son no more, the case would be with the plaintiff, if it were not that his subsequent conduct, in allowing the son to receive a portion of this balance, which seems immediately to have come to his knowledge, before he was out of defendant's hearing probably, was sufficient to justify the defendant, in supposing that he still intended to have the son receive pay.

And if there were any doubt upon either of these points, it is rather in regard to the fair inference to be deduced from the acknowledged facts in the case.   And in regard to such inferences, this court considers, that in doubtful cases, the construction of the County Court is to be regarded as conclusive.

Judgment affirmed.